**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. H-03-0457-1 |
| | § |
| MONICA MINZEL JOHNSON, | § |
| | § |
| Defendant. | § |

**ORDER**

The defendant, Monica Minzel Johnson, moves for a reduction in her sentence to give her credit for "time served" from September 23, 2004 to February 3, 2005. Johnson was convicted of possession with intent to distribute methamphetamine, a Class B felony, in the United States District Court for the District of Nebraska, in 1998. She was sentenced to 84 months of imprisonment and 5 years of supervised release in May 1999. In February 2000, the defendant's sentence was reduced to 25 months based on the government's Rule 35(b) motion. The defendant was released and began serving her term of supervised release in January 2001.

From June 2001 to January 2002, the defendant embezzled $174,000 from her employer. She was convicted of theft in January 2003 and was sentenced to serve 17 years of imprisonment in TDC, with a restitution order of $250,000.

A transfer of jurisdiction from the United States District of Nebraska to the Southern District of Texas was completed in November 2003. In December 2003, the defendant appeared in court for a hearing on the revocation of her federal supervised release. On September 23, 2004, this court held a hearing, revoked the defendant's term of supervised release and imposed a sentence of 12

months and 1 day, to run consecutively to the undischarged term of imprisonment on the state theft charge. The defendant was returned to TDC on February 3, 2005 to continue serving her undischarged state term. In this motion, she asks the court to grant her credit for time served in federal detention between September 23, 2004 and February 3, 2005.

The federal sentence was to run consecutively to the state term of imprisonment the defendant was serving for theft.

Under U.S.S.G. § 7B1.3(f), "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."

A concurrent sentence would result in no actual increase in imprisonment and no additional punishment for violating the conditions of the federally imposed supervised release. In addition, there is no statutory authority for this court to modify the sentence through an amended judgment. The motion for time-served credit is denied. However, this court will advise the Bureau of Prisons that given the matters identified in the defendant's motion, this court has no opposition to the defendant receiving four months of credit on her federal sentence for the time she spent in federal custody relating to the revocation of supervised release.

SIGNED on June 22, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge